## Vincent v. Commonwealth.

(Decided June 22, 1926.)

### Appeal from Edmonson Circuit Court.

1. Criminal Law.—Proof of possession of means of committing an offense is not alone sufficient to show that the offense was committed.

2. Intoxicating Liquors.—Evidence held sufficient to sustain conviction of unlawfully manufacturing intoxicating liquor.

3. Criminal Law—Overruling Demurrer to Indictment Charging Accused Unlawfully Manufactured Spirituous and Intoxicating Liquors and Denying Motion to Require Commonwealth to State Kind of Liquor Held Not Prejudicial Error, where, on Trial, Kind and Intoxicating Qualities were Not Disputed.—Overruling demurrer to indictment charging that accused unlawfully manufactured spirituous and intoxicating liquors and denying motion to require Commonwealth to state particular kind of liquor manufactured held not reversible error, where, on trial, neither kind of liquor nor its intoxicating qualities were disputed.

4. Intoxicating Liquors.—In prosecution for unlawfully manufacturing intoxicating liquor, particular kind is immaterial, unless necessary for accused to prepare defense.

MILTON CLARK for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Jim Vincent and Carlos Kinser were jointly indicted for the offense of unlawfully manufacturing intoxicating liquor. On his separate trial Vincent was convicted and his punishment fixed at a fine of $100.00 and 60 days in jail. He appeals.

The facts are these: N. E. Reed, the sheriff of Edmonson county, went with Will Webb and Marshall Browning to a place near Grassland. They discovered a barrel of beer in a thicket and the beer was fermenting, sour and intoxicating. Ten or fifteen feet away they saw appellant with a half gallon fruit jar of beer, and Carlos Kinser was with him. Two or three hundred yards away, and on the opposite side of the hollow, they found a still wrapped in a grass sack and hidden under an old root wad. They also found a furnace a short distance away and a stove about 75 yards from the beer. The sheriff was corroborated by Browning, who also testified that he saw appellant and Kinser at the same place the evening before, and that when they saw him they turned and went away. There was further evidence that appellant's reputation for moonshining was bad. On the other hand, appellant claims that he and Kinser went to the place the day before to catch some young crows. When they saw Browning and Webb, Kinser ran. They returned the next day to get some beer to drink.

It is true that proof of possession of means of committing an offense is not alone sufficient to show that the offense was committed. Johnson v. Commonwealth, 210 Ky. 398, 276 S. W. 125, but that is not this kind of a case. Here there was proof of the manufactured product, and nearby was the apparatus necessary for its manufacture. Not only so, but appellant and his companion were there the day before, and appellant was near the barrel of beer and had a quart jar of it in his possession when arrested. In view of this situation, it is more natural to conclude that appellant was engaged in making the beer that he carried away than that he discovered the beer when looking for young crows and returned the next day to get some of it to drink. We are therefore of the opinion that the evidence was sufficient not only to take the case to the jury, but to sustain the verdict.

The indictment accused appellant of the offense of "unlawfully manufacturing spirituous and intoxicating liquors." In describing the offense the indictment uses the words "did unlawfully and willfully make and manufacture spirituous, malt and intoxicating liquors, etc." Appellant not only demurred to the indictment, but moved the court to require the Commonwealth to set forth in a bill of particulars the means and modes of manufacture and the kind of liquor made. Both the demurrer and motion were overruled, and appellant insists that this was error. In a prosecution for unlawfully manufacturing intoxicating liquor the important element is the intoxicating character of the liquor, and the particular kind of intoxicating liquor is not material, unless necessary to enable the accused properly to prepare his defense. On the trial there was no dispute as to the kind of liquor or its intoxicating qualities. The only issue was whether the liquor was manufactured by appellant or not. In view of this situation it is at once apparent that the action of the court in overruling the demurrer, and the motion to require the Commonwealth to state the particular kind of liquor manufactured, even if erroneous, was not prejudicial to appellant's substantial rights.

Judgment affirmed.